**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS RENTERIA-AVALOS, AKA
Carlos Renteria,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-71524

Agency No. A200-681-812

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Carlos Renteria-Avalos, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Where, as here, the BIA assumes an alien is credible rather than reviewing the IJ's adverse credibility finding, we assume credibility and review the BIA's opinion on its merits. *See Barazza Rivera v. I.N.S.*, 913 F.2d 1443, 1449–50 (9th Cir. 1990).

Even assuming changed circumstances justify Renteria-Avalos' untimely application for asylum, substantial evidence supports the BIA's denial of his asylum claim on its merits. The BIA did not err in finding that Renteria-Avalos did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Renteria-Avalos' asylum and withholding of removal claims fail.

Substantial evidence supports the BIA's denial of CAT relief because Renteria-Avalos failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, the IJ's failure to consider Renteria-Avalos' eligibility for voluntary departure did not violate due process. The IJ gave Renteria-Avalos many opportunities to advance his voluntary departure request during his hearing, yet his attorney indicated that there would be no such request. Thus, there was no violation of due process. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**